UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN MALLORY,                                             Case No. 2:23-cv-11882

    Plaintiff,                                                   Hon.

v.

CITY OF DETROIT, a municipal corporation,
CALVIN ADKINS,
HAMZA ELMELEGY,
SCOTT GARELA,
ALONZO TOLEFREE,
SERGEANT WILLIAMS
in their individual and official capacities,
jointly and severally,

    Defendants.                                                **JURY TRIAL DEMANDED**
_____
MATTHEW S. KOLODZIEJSKI
Law Office of Matthew S. Kolodziejski
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060
mattkolo@comcast.net
_____

**COMPLAINT AND JURY DEMAND**

    NOW COMES the Plaintiff, Herman Mallory, by and through his attorney, Matthew S. Kolodziejski, and for his Complaint states as follows:

**JURISDICTION AND VENUE**

1)    This is an action for monetary damages brought by the Plaintiff, Herman

Mallory, against the Defendants City of Detroit and Detroit Police Officers Calvin Adkins, Hamza Elmelegy, Scott Garela, Alonzo Tolefree, and Sergeant Williams, pursuant to 42 U.S.C. § 1983 and Michigan state law.

2) This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3) Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as all parties reside in, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, the Eastern District of Michigan.

4) The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## PARTIES

5) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

6) At all times relevant to this Complaint, Plaintiff was and is a resident of the State of Michigan.

7) At all times relevant to this Complaint, Defendant City of Detroit was and is an organized municipal corporation existing under the laws of the State of Michigan.

8) At all times relevant to this Complaint, Calvin Adkins, Hamza Elmelegy, Scott Garela, and Alonzo Tolefree (hereinafter collectively the "Defendant

2

Officers"), were employed as police officers by the City of Detroit.

9) At all times relevant to this Complaint Defendant Sergeant Williams was employed as a police officer by the City of Detroit, and was a direct supervisor of the Defendant Officers.

10) At all times relevant to this Complaint, the Defendant Officers were acting within the scope and course of their employment and under color of law.

## GENERAL ALLEGATIONS

11) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

12) The incident complained of in this lawsuit occurred on or about June 24, 2022 in the City of Detroit.

13) On that date at approximately 8:40 p.m. Plaintiff was at the MGM Casino.

14) The Defendant Officers responded to the casino floor for a call regarding a person refusing to leave the property, who they identified as Plaintiff.[1]

15) Following a verbal exchange with Plaintiff, the Defendant Officers forcibly pinned Plaintiff against a gaming table and held him down as they handcuffed him behind his back.

16) Despite having the ability and opportunity to do so, the Defendant Officers chose not to double lock Plaintiff's handcuffs, which would have prevented them from closing and tightening further against his wrists.

---

[1] The Defendant Officers were equipped with body cameras and microphones, which clearly captured the events that are described below.

17) All four of the Defendant Officers participated in handcuffing Plaintiff and they all knew that the handcuffs were not double locked.

18) As the Defendant Officers were walking Plaintiff towards the exit of the casino he fell to the ground and remained there for several minutes until casino security personnel brought a wheelchair.

19) During this time the Defendant Officers chose not to double lock Plaintiff's handcuffs despite clearly having opportunities to do so.

20) Plaintiff was then taken out of the casino in a wheelchair to the Defendant Officers' police vehicles. When Plaintiff exited the casino he had been handcuffed for approximately thirteen (13) minutes, during which time the Defendant Officer had numerous opportunities to double lock his handcuffs.

21) Once outside of the casino Plaintiff asked the Defendant Officers to remove his handcuffs. The Defendant Officers responded by telling Plaintiff that they would remove the handcuffs if he got in the back of the police vehicle.

22) However, once Plaintiff entered the police vehicle the Defendant Officers forcibly pushed him down on his back in the rear seat and immediately closed the door. They did not remove the handcuffs.

23) The Defendant Officers knew that Plaintiff's handcuffs were still not double locked. They further knew that forcing him to lie on his back with the handcuffs underneath would cause the handcuffs to tighten against

Plaintiff's wrist causing pain and injury.

24) When pushing Plaintiff down on his back the Defendant Officers positioned Plaintiff in the rear seat of the police vehicle with his head pressed against the rear passenger side door, which made it impossible for Plaintiff to sit up and relieve the pressure on his handcuffs and wrists.

25) Due to the actions of the Defendant Officers in failing to double lock Plaintiff's handcuffs and then forcing him to lie on his back, the handcuffs tightened excessively against his wrists.

26) The Defendant Officers' actions constituted gratuitous force that was intended to cause, and did cause, unnecessary pain and injury to Plaintiff.

27) After Plaintiff was in the police vehicle, Defendant Sergeant Williams, who was the Defendant Officers' direct supervisor, arrived on the scene.

28) The Defendant Officers and Defendant Sergeant Williams had a conversation, and decided that Plaintiff would be taken to Detroit Receiving Hospital to be medically cleared for suspected alcohol intoxication before being transported to the Detroit Detention Center.

29) After leaving Plaintiff lying on his back for approximately twenty (20) minutes the Defendant Officers opened the rear door of the police vehicle. Plaintiff was screaming out in pain and pleading with the Defendant Officers to remove the handcuffs.

30) The Defendant Officers attempted to remove Plaintiff from the police vehicle, and told Plaintiff to sit up in order to get out of the vehicle. Plaintiff responded that he was unable to sit up, due to how the Defendant Officers placed him in the rear seat.

31) The Defendant Officers were eventually able to remove Plaintiff from the vehicle and laid him down on the pavement.

32) Once Plaintiff was out of the police vehicle Defendant Adkins informed Defendant Sergeant Williams on body cam that the Defendant Officers did not double lock Plaintiff's handcuffs.

33) Defendant Adkins falsely stated that the Defendant Officers were rushed and did not have any opportunity to double lock the handcuffs. However, at that point Plaintiff had been handcuffed for approximately thirty-five (35) minutes, during which time the Defendant officer had numerous opportunities to inspect and double lock the handcuffs.

34) The Defendant Officers then purported to adjust Plaintiff's handcuffs while he was lying on the ground.

35) Plaintiff continued to scream out in pain, repeatedly requested help, and asked to be taken to the hospital. Plaintiff told the Defendant Officers and Defendant Sergeant Williams that he couldn't move his arm and believed that it was broken.

36) After observing Plaintiff writhing on the ground in pain and pleading to be taken to the hospital because he believed his arm was broken, Defendant Sergeant Williams instructed the other Defendant Officers on body cam to "just lift him (Plaintiff) up and throw him on the car." Plaintiff was still handcuffed behind his back at this time.

37) The Defendant Officers complied with Defendant Sergeant Williams' order and attempted to lift Plaintiff up by his arms, causing Plaintiff to again scream out in pain and tell the Defendant Officers that his arm was hurt.

38) When the Defendant Officers eventually succeeded in putting Plaintiff back in the rear of the police vehicle they again placed him on his back forcing him to lie down on top of the handcuffs and his injured wrists and arms.

39) Plaintiff was transported to Detroit Receiving Hospital and then to the Detroit Detention Center. Plaintiff continued to complain to the Defendant Officers about numbness, pain, and swelling in his arms and fingers.

40) After being released from the Detroit Detention Center Plaintiff sought medical treatment due to suffering significant contusions, bruising, swelling, and severe pain in both hands and wrists.

41) Due to the improper and excessive handcuffing, Plaintiff was diagnosed with paresthesia and mononeuropathy in both of his wrists, and was diagnosed with carpal tunnel syndrome in his right wrist.

42) On October 28, 2022 Plaintiff underwent carpal tunnel release surgery. Following surgery he completed a course of occupational therapy. Despite the surgery and occupational therapy Plaintiff continues to suffer from pain, numbness, and limited normal use of his hands and wrists.

43) As a result of the Defendants' unlawful actions, Plaintiff suffered injuries and damages including, but not limited to: physical pain and suffering, mononeuropathy, paresthesia, carpal tunnel syndrome, bruising, swelling, contusions, emotional distress, loss of liberty and cherished constitutional rights, and economic damages.

## COUNT I
## 42 U.S.C. § 1983 – EXCESSIVE FORCE

44) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

45) The Defendant Officers and Defendant Sergeant Williams acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiff's right to be free from excessive physical force, as guaranteed by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers and Defendant Sergeant Williams for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment

interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## 42 U.S.C. § 1983 – FAILURE TO INTERVENE

46) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

47) The Defendant Officers and Defendant Sergeant Williams all directly participated in the above-described constitutional violations that were committed against Plaintiff, and they each also failed to intervene and prevent the other Defendants from committing constitutional violations against Plaintiff, despite having the opportunity and means to do so.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers and Defendant Sergeant Williams for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT III
## 42 U.S.C. § 1983 – SUPERVISORY LIABILITY

48) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

49) Defendant Sergeant Williams, as a direct supervisor to Defendants Adkins, Elmelegy, Garela, and Tolefree, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiff's right to be free from

excessive physical force, as guaranteed by the Fourth Amendment of the United States Constitution.

50) Defendant Sergeant Williams directed, authorized, encouraged, and participated in the above-described unlawful conduct and excessive force by the Defendant Officers while they were under his supervision.

WHEREFORE, Plaintiff demands judgment against Defendant Sergeant Williams for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT IV
## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

51) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

52) Defendant City of Detroit has established practices, policies, and/or customs which directly and proximately caused the damages suffered by Plaintiff.

53) Defendant City of Detroit knew, or should have known, of the Defendant Officers' propensities to violate the rights of individuals in the manner alleged in Plaintiff's Complaint when it hired them and thereafter.

54) Defendant City of Detroit has established a practice, policy, and/or custom of inadequately screening and hiring its police officers.

55) Upon information and belief, Defendant City of Detroit has established a practice, policy, and/or custom of improperly hiring its police officers, and

training and allowing its police officers to enforce laws as they deem fit without regard to the constitutional rights of individuals including Plaintiff.

56) Upon information and belief, Defendant City of Detroit has established a practice, policy, and/or custom of inadequately supervising or disciplining its police officers when it was known or apparent that they have violated the constitutional rights of individuals in the manner complained of here.

57) Upon information and belief, Defendant City of Detroit has established a practice policy, and/or custom of failing to adequately train, monitor, and discipline its police officers with respect to the following subject matter:

    a. The proper application of handcuffs on an arrestee;

    b. Ensuring that handcuffs are double locked to prevent excessive tightness, pain, and/or injury;

    c. Ensuring that a handcuffed arrestee is positioned in a manner that does not cause excessive tightness, pain and/or injury;

    d. Ensuring that an arrestee is not handcuffed for an excessive amount of time resulting in excessive tightness, pain, and/or injury;

    e. Providing and/or seeking proper medical care for an arrestee who has been handcuffed improperly and/or for an excessive amount of time.

58) By failing to properly hire, train, supervise, and discipline its police officers, Defendant City of Detroit failed to adequately discourage its police officers

from violating the constitutional rights of individuals including Plaintiff.

59) As a result of the above-described practices, policies, and/or customs the Defendant Officers believed that their actions would not be properly monitored, and that misconduct would not be adequately investigated or sanctioned, but rather that it would be tolerated.

60) The above-described practices, policies, and/or customs of the Defendant City of Detroit demonstrate deliberate indifference towards the constitutional rights of individuals including Plaintiff.

61) The practices, policies, customs, and/or deliberate indifference of the Defendant City of Detroit were the moving force behind the constitutional violations that were committed against Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant City of Detroit for compensatory damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT VI
## ASSAULT AND BATTERY

62) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

63) The Defendant Officers and Defendant Sergeant Williams intentionally threatened or caused Plaintiff to be threatened with, and to suffer, unnecessary or excessive physical contact.

64) The physical contact inflicted by the Defendant Officers and Defendant Sergeant Williams against Plaintiff was malicious and done in bad faith.

65) As a direct and proximate cause of the assault and battery that the Defendant Officers and Defendant Sergeant Williams inflicted upon Plaintiff, he sustained injuries and damages.

66) The actions of Defendant Officers and Defendant Sergeant Williams were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus he is entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers and Defendant Sergeant Williams for compensatory and exemplary damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

## COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

68) The Defendant Officers and Defendant Sergeant Williams acted intentionally and recklessly towards Plaintiff.

69) The actions of the Defendant Officers and Defendant Sergeant Williams were so outrageous and extreme as to go beyond all possible bounds of decency, and are regarded as atrocious and intolerable in a civilized society.

70) As a direct and proximate result of the unlawful actions of the Defendant

Officers and Defendant Sergeant Williams, Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers and Defendant Sergeant Williams for compensatory and exemplary damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

## COUNT VIII
## GROSS NEGLIGENCE

71) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

72) Defendant City of Detroit, which employed the Defendant Officers, was engaged in the exercise or discharge of a governmental function.

73) The Defendant Officers and Defendant Sergeant Williams had a legal duty to exercise reasonable care and caution, and to perform their employment activities so as not to endanger or cause harm to Plaintiff.

74) The Defendant Officers and Defendant Sergeant Williams breached their duty to use reasonable care and caution with respect to Plaintiff through their above-described actions, including by failing to double lock Plaintiff's handcuffs after applying them and then placing Plaintiff on his back in a police vehicle allowing the handcuffs to tighten excessively under Plaintiff's weight and cause injury.

75) The Defendant Officers and Defendant Sergeant Williams knew, or should

14

have known, that by breaching their duty, harm would come to Plaintiff. The harm that did come to Plaintiff was reasonably foreseeable.

76) The conduct of the Defendant Officers and Defendant Sergeant Williams amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

77) The actions of the Defendant Officers and Defendant Sergeant Williams were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers and Defendant Sergeant Williams for compensatory and exemplary damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

Respectfully submitted,

/s/Matthew S. Kolodziejski
Law Office of Matthew S. Kolodziejski
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060
mattkolo@comcast.net

Dated: August 3, 2023